## IN THE UNITED STATES DISTRICT FOR THE
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| MANAIN FERNANDEZ RAMIREZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No: 20 CV 00213 |
| N AND M TRANSFER CO., INC. and GARY J. HOEFS, | ) ) ) ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, MANAIN FERNANDEZ RAMIREZ, by and through his attorneys, KENT M. LUCACCIONI, LTD., and complaining of the Defendants, N AND M TRANSFER CO., INC. and GARY J. HOEFS, states as follows:

### NATURE OF ACTION

1. This case arises out of a tractor-trailer/tractor-trailer collision which occurred on January 30, 2019, caused personal injury and other damages to MANAIN FERNANDEZ RAMIREZ, and is brought pursuant to the common law of the State of Indiana.

### THE PARTIES

2. At all time relevant hereto, Plaintiff MANAIN FERNANDEZ RAMIREZ is and was a legal resident of the City of San Antonio, County of Bexar, and State of Texas.

3. At all times relevant hereto, Defendant N AND M TRANSFER CO., INC. is and was a Wisconsin corporation engaged in the transportation of goods in interstate commerce, including in and through the State of Indiana.

4. At all times relevant hereto, Defendant GARY J. HOEFS is and was a citizen and resident of the City of De Pere, County of Brown, and State of Wisconsin.

### JURISDICTION AND VENUE

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the cause of action occurred in the City of

Gary, County of Lake and State of Illinois.

6. This Court has original jurisdiction over the subject matter of this cause of action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and the Plaintiff and Defendants are citizens of different states, namely Texas and Wisconsin.

7. This Court has personal jurisdiction over Defendants N AND M TRANSFER CO., INC. and GARY J. HOEFS pursuant to Fed. R. Civ. P. 4(k)(1)(A) because the Defendants are subject to the jurisdiction of the courts of general jurisdiction of the State of Indiana pursuant to Ind. Trial Rule 4.4(A) which provides that the Defendants submitted to jurisdiction of the courts of Indiana when the negligent acts and/or omissions causing personal injury were committed in the City of Gary, County of Lake and State of Indiana.

## COUNT I
## MANAIN FERNANDEZ RAMIREZ v. N AND M TRANSFER CO. INC.

1.-7. Plaintiff MANAIN FERNANDEZ RAMIREZ re-alleges and reincorporates introductory paragraphs one (1) through seven (7) of this Complaint at Law as and for paragraphs one (1) through seven (7) of this Count I.

8. On January 30, 2019 at 8:43 a.m., Interstate 80 was a four lane interstate roadway traveling generally in an easterly and westerly direction in the City of Gary, County of Lake and State os Indiana.

9. On the date and time aforesaid, the Plaintiff MANAIN FERNANDEZ RAMIREZ was operating a tractor/trailer eastbound on Interstate 80 at or near mile marker 9.3 in the City of Gary, County of Lake and State os Indiana.

10. On the date and time aforesaid, GARY J. HOEFS was operating a tractor-trailer eastbound on Interstate 80 at or near mile marker 9.3 in the City of Gary, County of Lake and State os Indiana.

11.	At all times relevant hereto, GARY J. HOEFS was an employee and/or agent of the Defendant N AND M TRANSPORT CO., INC. and was acting in the course of scope of his employment and duties as a truck driver.

12.	In the alternative, at all time relevant hereto, GARY J. HOEFS was an employee and agent of Defendant N AND M TRANSPORT CO. INC. by operation of law pursuant to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. 390.50 and 49 C.F.R. 376.1 et seq., and was acting in the course of scope of his employment and duties as a truck driver.

13.	At the time and place aforesaid, the Defendant N AND M TRANSPORT CO., INC., by and through its employee and agent GARY J. HOEFS, caused the tractor-trailer GARY J. HOEFS was operating to violently collide with the tractor-trailer operated by the Plaintiff MANAIN FERNANDEZ RAMIREZ, and caused injury to the Plaintiff MANAIN FERNANDEZ RAMIREZ.

14.	At all time relevant hereto, the Defendant N AND M TRANSPORT CO., INC., by and through its employee and agent GARY J. HOEFS, had a duty to use ordinary and reasonable care for the safety of other motorists, including the Plaintiff MANAIN FERNANDEZ RAMIREZ.

15.	Notwithstanding this duty, at the time and place aforesaid, the Defendant N AND M TRANSPORT CO., INC., by and through its employee and agent GARY J. HOEFS, was careless and negligent in on or more of the following respects:

    a.	Failed to keep a proper lookout;

    b.	Failed to timely apply the brakes of the tractor-trailer to avoid a collision;

    c.	Failed to properly equip and maintain the brakes of the tractor-trailer in a safe condition to stop and hold the tractor-trailer, contrary to and in violation of Ind. Stat. 9-19-3-9 and/or 9-19-3-1;

    d.	Used a hand held mobile phone while operating a commercial motor vehicle, contrary to and in violation of 49 C.F.R. § 392.82(a)(1);

    e.	Used a telecommunication device to type, transmit or read a message and/or other electronic information while operating a motor vehicle, contrary to and in violation of Ind. Stat. 9-21-8-59(a)(1-3);

    f.	Operated the tractor-trailer at a speed that was greater than reasonable given the traffic, weather and highway conditions at the time, contrary to and in violation of Ind. Stat. 9-21-5-4(a)(5); and

  g. Followed the tractor-trailer in front of him too closely given the traffic, weather and highway conditions at the time.

16. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions by the Defendant N AND M TRANSPORT CO., INC., by and through its employee and agent GARY J. HOEFS, the Plaintiff MANAIN FERNANDEZ RAMIREZ sustained significant injuries, has incurred and will continue to incur medical expenses and wage loss, and has experienced and will continue to experience pain, suffering, disability, loss of a normal life and disfigurement.

WHEREFORE Plaintiff MANAIN FERNANDEZ RAMIREZ, respectfully requests entry of judgment against the Defendant N AND M TRANSFER CO., INC. in an amount in excess of $75,000.00, plus post-judgment interest and costs.

## COUNT II
## MANAIN FERNANDEZ RAMIREZ v. GARY J. HOEFS

1.-7. Plaintiff MANAIN FERNANDEZ RAMIREZ re-alleges and reincorporates introductory paragraphs one (1) through seven (7) of this Complaint at Law as and for paragraphs one (1) through seven (7) of this Count II.

8. On January 30, 2019 at 8:43 a.m., Interstate 80 was a four lane interstate roadway traveling generally in an easterly and westerly direction in the City of Gary, County of Lake and State os Indiana.

9. On the date and time aforesaid, the Plaintiff MANAIN FERNANDEZ RAMIREZ was operating a tractor/trailer eastbound on Interstate 80 at or near mile marker 9.3 in the City of Gary, County of Lake and State os Indiana.

10. On the date and time aforesaid, Defendant GARY J. HOEFS was operating a tractor-trailer eastbound on Interstate 80 at or near mile marker 9.3 in the City of Gary, County of Lake and State os Indiana.

11. At the time and place aforesaid, the Defendant GARY J. HOEFS caused the tractor-trailer he was operating to violently collide with the tractor-trailer operated by the Plaintiff MANAIN FERNANDEZ RAMIREZ, and caused injury to the Plaintiff MANAIN FERNANDEZ RAMIREZ.

12. At all time relevant hereto, the Defendant GARY J. HOEFS, had a duty to use ordinary and reasonable care for the safety of other motorists, including the Plaintiff MANAIN FERNANDEZ RAMIREZ.

13. Notwithstanding this duty, at the time and place aforesaid, the Defendant GARY J. HOEFS, was careless and negligent in on or more of the following respects:

   a. Failed to keep a proper lookout;

   b. Failed to timely apply the brakes of the tractor-trailer to avoid a collision;

   c. Failed to properly equip and maintain the brakes of the tractor-trailer in a safe condition to stop and hold the tractor-trailer, contrary to and in violation of Ind. Stat. 9-19-3-9 and/or 9-19-3-1;

   d. Used a hand held mobile phone while operating a commercial motor vehicle, contrary to and in violation of 49 C.F.R. § 392.82(a)(1);

   e. Used a telecommunication device to type, transmit or read a message and/or other electronic information while operating a motor vehicle, contrary to and in violation of Ind. Stat. 9-21-8-59(a)(1-3);

   f. Operated the tractor-trailer at a speed that was greater than reasonable given the traffic, weather and highway conditions at the time, contrary to and in violation of Ind. Stat. 9-21-5-4(a)(5); and

   g. Followed the tractor-trailer in front of him too closely given the traffic, weather and highway conditions at the time.

14. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions by the Defendant GARY J. HOEFS, the Plaintiff MANAIN FERNANDEZ RAMIREZ sustained significant injuries, has incurred and will continue to incur medical expenses and wage loss, and has experienced and will continue to experience pain, suffering, disability, loss of a normal life and disfigurement.

WHEREFORE Plaintiff MANAIN FERNANDEZ RAMIREZ, respectfully requests entry of judgment against the Defendant GARY J. HOEFS in an amount in excess of $75,000.00, plus post-judgment interest and costs.

**DEMAND FOR JURY TRIAL**

Plaintiff MANAIN FERNANDEZ RAMIREZ requests a trial by jury on all the issues raised by the Complaint.

Respectfully submitted,

KENT M. LUCACCIONI, LTD.

/s/Kent M. Lucaccioni
Kent M. Lucaccioni
(IL ARDC No. 6197689)
Vincent B. Browne
(IL ARDC No. 6242593)
Kent M. Lucaccioni, Ltd.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
T: 312-425-0401
F: 312-263-0128
Emails: team@kmlltdlaw.com
kent@kmlltdlaw.com
vince@kmlltdlaw.com