UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MANAIN FERNANDEZ RAMIREZ,     )<br>         Plaintiff,            )<br>                              )<br>     v.                       )      CAUSE NO.: 2:20-CV-213-JPK<br>                              )<br>N AND M TRANSFER CO., INC., and )<br>GARY J. HOEFS,               )<br>         Defendants.          ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Unopposed Motion for Leave to Join Party and File Amended Counterclaim [DE 24], filed by Defendants N & M Transfer Co., Inc. and Gary J. Hoefs on December 29, 2020. In the instant motion, Defendants seek leave to file an Amended Counterclaim joining Plaintiff Manain Fernandez Ramirez's employer, Prestige Transport, LLC, as a counter-defendant to this matter. Defendants represent that Plaintiff does not object to the requested relief.

Per the Complaint filed at Docket Entry 1, the Court's June 4, 2020 Opinion and Order at Docket Entry 7, and Plaintiff's jurisdictional statement filed at Docket Entry 8, the Court has subject matter jurisdiction over this matter via diversity jurisdiction. On the allegations in Defendants' Amended Counterclaim, the Court is unable to determine whether the addition of Prestige Transport, LLC as a party to this matter would destroy diversity.

For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Per the Complaint and Plaintiff's jurisdictional statement, Plaintiff is a citizen of Cuba, Defendants N & M Transfer Co., Inc. and Gary J. Hoefs are citizens of Wisconsin, and the amount in controversy exceeds $75,000. The proposed Amended Counterclaim states that Prestige

Transport, LLC "is owned by Almir Duric," who "is a citizen of the State of Michigan." (Mot. Ex. A ¶¶ 4-5, ECF No. 24-1). These allegations are insufficient for the purpose of determining citizenship.

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if a party is a limited liability company or partnership, the Court must be advised of the identity of each of its members or partners and advised of each member's or partner's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company or partners of a partnership are citizens of a particular state. *See Thomas*, 487 F.3d at 533-34 ("blanket declaration" that an LLC's member(s) "are citizens of another state," and "naked declaration that there is diversity of citizenship," are both insufficient); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

The Court acknowledges Defendants' allegation that Prestige Transport, LLC is "owned by Almir Duric," who is alleged to be a Michigan citizen. (Mot. Ex. A ¶¶ 4-5, ECF No. 24-1). While this allegation may have intended to convey that Prestige Transport, LLC is wholly owned by Almir Duric and thus has only one member, this is not made explicitly clear. Accordingly, given

the importance of determining the Court's jurisdiction to hear this case, Defendants must identify all members of Prestige Transport, LLC, and properly allege the citizenship of each such member.

Accordingly, the Court hereby **TAKES UNDER ADVISEMENT** Defendants' Unopposed Motion for Leave to Join Party and File Amended Counterclaim [DE 24]. The Court **SETS** a deadline of **January 20, 2021** by which Defendants may file a supplemental jurisdictional statement containing proper allegations as to the citizenship of Prestige Transport, LLC. In the absence of such a statement, or if such statement is insufficient, the Court will deny Defendants' motion.

So ORDERED this 6th day of January, 2021.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT